1  Timothy L. Reed, Bar No. 258034
   treed@fordharrison.com
2  Justin L. Clark, Bar No. 305503
   jclark@fordharrison.com
3  **FORD & HARRISON LLP**
   1901 Harrison Street, Suite 1650
4  Oakland, CA  94612
   Telephone:   415-852-6910
5  Facsimile:    415-852-6925

6  Attorneys for Defendant
   SOCIAL IMPRINTS, LLC
7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | CAROL MUNOZ, an individual, | CASE NO. |
   |---|---|
12 | Plaintiff, | **DEFENDANT SOCIAL IMPRINTS, LLC'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1367(a), 1441(a), AND 1446** |
13 | v. | |
14 | SOCIAL IMPRINTS, LLC, a California Limited Liability Company, and DOES 1-10, | Action Filed:    June 12, 2020 |
15 | | |
16 | Defendants. | |

17  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
18  **NORTHERN DISTRICT OF CALIFORNIA:**
19  PLEASE TAKE NOTICE that Defendant SOCIAL IMPRINTS, LLC, a California
20  Limited Liability Company ("Defendant"), hereby removes the above-entitled action from the
21  Superior Court of the State of California, County of San Francisco, to the United States District
22  Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and
23  1446.
24  ///
25  ///
26  ///
27  ///
28

## I. STATEMENT OF JURISDICTION

1. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and may be removed to this Court pursuant to 28 U.S.C. § 1441 in that it arises under the laws of the United States. In particular, and as is set out in more detail in Section V below, this action arises under the Fair Labor Standards Act, 29 U.S.C § 201, *et seq*. (the "FLSA").

## II. PLEADINGS, PROCESS, AND ORDERS

2. On June 12, 2020, Plaintiff Carol Munoz ("Plaintiff") filed a complaint for damages ("Complaint") against Defendant, Case No. CGC-20-584979. A true and correct copy of the Complaint is attached to the Declaration of Justin L. Clark ("Clark. Decl."), as "Exhibit A".

3. Plaintiff's claims are based on the allegations that Defendant misclassified her as an exempt employee, and as a result, failed to provide her with timely payment of wages for all hours work, meal and rest periods, reimbursement of business expenses, all pay owed to her at termination, and accurate wage statements. In Plaintiff's Complaint, she alleges the following ten causes of action: (1) failure to pay wages for all hours worked (Cal. Lab. Code §§ 204 and 1194); (2) failure to pay minimum wage (Cal. Lab. Code §§ 1182.12, 1194, and 1194.2); (3) failure to pay overtime wages (Cal. Lab. Code §§ 510 and 1194); (4) failure to pay overtime wages (29 U.S.C. § 201); (5) failure to provide meal periods (Cal. Lab. Code §§ 226.7 and 512); (6) failure to provide rest periods (Cal. Lab. Code § 226.7); (7) failure to indemnify for expenses (Cal. Lab. Code § 2802); (8) waiting time penalties (Cal. Lab. Code §§ 202 and 203); (9) failure to provide accurate wage statements (Cal. Lab. Code § 226); and (10) violation of California's Unfair Competition Law (Cal. Bus. Prof. Code § 17200, *et seq*.).

4. A true and correct copy of the Civil Case Cover Sheet for the Complaint, which was filed with the state court on June 12, 2020, is attached to the Clark Decl., as "Exhibit B".

5. A true and correct copy of the Summons of said Complaint, are attached to the Clark Decl., as "Exhibit C".

6. A true and correct signed copy of Notice and Acknowledgment of Receipt of said Summons and Complaint, are attached to the Clark Decl., as "Exhibit D".

7. A true and correct copy of Defendant's Answer to Plaintiff's Complaint, filed with the state court on October 2, 2020, is attached to the Clark Decl., as "Exhibit E".

8. A true and correct copy of the state court's Case Management Conference Scheduling order, which was issued by the state court on June 12, 2020, is attached to the Clark Decl., as "Exhibit F".

9. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on, and received by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of California, San Francisco County, or served by any party.

## III. TIMELINESS OF REMOVAL

10. On August 14, 2020, counsel for Plaintiff provided Defendant's counsel with a Notice and Acknowledgment of Receipt through which Defendant's counsel could accept service of Plaintiff's Complaint. (Clark Decl., ¶ 5.)

11. On September 3, 2020, within the applicable 20-day deadline, *see* Cal. Civ. Proc. Code § 415.30(b), Defendant's counsel signed the Notice and Acknowledgment of Receipt and returned it to Plaintiff's counsel. (Clark Decl., ¶ 5). Service of Plaintiff's Complaint became effective upon Defendant's counsel signing the Notice and Acknowledgment of Receipt. *See* Cal. Civ. Proc. Code § 415.30(c).

12. This Notice of Removal is timely filed as it is filed within thirty (30) days of September 3, 2020, the date when Defendant was first served with, and received a copy of the Summons and Complaint. (Clark Decl., Exhibit E.)

## IV. VENUE

13. San Francisco County, California, is located within the Northern District of California. Therefore, venue is proper pursuant to 28 U.S.C. § 84(a) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1391.

## V. INTRA-DISTRICT ASSIGNMENT

14. Pursuant to N.D. Cal. General Order No. 44, Section D.1, because this action

arises in San Francisco County, it should be assigned to a judge sitting within the San Francisco division of the Northern District of California.

### VI. ORIGINAL JURISDICTION PURSUANT TO FEDERAL QUESTION JURISDICTION

15. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) in that this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

16. The United States Supreme Court has settled the test for determining whether federal question jurisdiction may apply: "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant…The presence of absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule'; which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc., v. Williams,* 482 U.S. 386, 392, (1987)(citing *Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)); see also *Valles v. Ivy Hill Corp.,* 410 F.3d 1071, 1075 (9th. Cir. 2005)(a claim arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

17. Here, removal is proper under 28 U.S.C. § 1331 because Plaintiff plainly asserts a federal claim against Defendant in her fourth cause of action for violation of the FLSA for alleged failure to pay overtime wages. (Comp., ¶ ¶ 48-55, Ex. A to Clark Decl.). Accordingly, this Court has original jurisdiction over this cause of action because Plaintiff's FLSA claim arises "under the Constitution, laws, or treaties of the United States", and it is indisputably plead on the face of the Complaint.

### VII. SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

18. This Court also has supplemental jurisdiction over Plaintiff's state law claims for alleged California Labor Code violations.

19. United States Code, Title 28, Section 1367 provides that, except where expressly

provided by statute, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

20. "State and federal claims form part of the same constitutional 'case' when they 'derive from a common nucleus of operative fact' and are such that 'considered without regard to their federal or state character . . . [plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Swamy v. Title Source, Inc.*, 2017 U.S. Dist. LEXIS 110847, *10 (N.D. Cal. July 17, 2017) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Notwithstanding that an FLSA claim only addresses unpaid wages, or that a plaintiff may seek alternative theories of recovery for the same acts, federal district courts recognize that "wage statement, reimbursement and FLSA [and unpaid wages] claims all arise out of a cohesive narrative: defendant's conduct towards plaintiff in his capacity as an employee and, specifically, defendant's allegedly inadequate compensation of plaintiff for his work" such that a common nucleus of fact exists, and district courts therefore have supplemental jurisdiction over such state law claims when an FLSA claim is also pleaded. *Swamy*, 2017 U.S. Dist. LEXIS 110847, *12; see also *Sandoval v. M1 Auto Collisions Center*, 309 F.R.D. 549, 559 (N.D. Cal. 2015) (exercising supplemental jurisdiction over all state law claims because the claims arose "from a common nucleus of operative facts" and allowing parallel proceedings in state and federal court "would be a waste of judicial resources.").

21. Here, Plaintiff asserts an FLSA claim, and in addition, asserts state law claims for (1) failure to pay wages for all hours worked (Cal. Lab. Code §§ 204 and 1194); (2) failure to pay minimum wage (Cal. Lab. Code §§ 1182.12, 1194, and 1194.2); (3) failure to pay overtime wages (Cal. Lab. Code §§ 510 and 1194); (4) failure to provide meal periods (Cal. Lab. Code §§ 226.7 and 512); (5) failure to provide rest periods (Cal. Lab. Code § 226.7); (6) failure to indemnify for expenses (Cal. Lab. Code § 2802); (7) waiting time penalties (Cal. Lab. Code §§ 202 and 203); (8) failure to provide accurate wage statements (Cal. Lab. Code § 226); and (9) violation of California's Unfair Competition Law (Cal. Bus. Prof. Code § 17200, *et seq.*). Each

1  of Plaintiff's state law claims arise from the same common nucleus of operative facts as her
2  FLSA claim: that Defendant misclassified her and therefore, failed to provide her with timely
3  payment of wages for all hours work, meal and rest periods, reimbursement of business expenses,
4  final pay, and accurate wage statements.  (Compl., ¶¶ 16-84, Ex. A to Clark Decl.)

5        22.    Accordingly, because Plaintiff's state law claims and FLSA claim share a common
6  nucleus of operative fact such that a cohesive narrative exists as to all of her claims, and
7  permitting parallel proceedings in state and federal court would be a waste of judicial resources,
8  this Court has supplemental jurisdiction of Plaintiff's state law claims as well.

## VIII.   NOTICE OF REMOVAL

      23.    A copy of Defendant's notice of removal, and removal, will be filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

      24.    By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or federal law.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, San Francisco County, to the United States District Court for the Northern District of California, San Francisco Division.

Dated: October 5, 2020                Respectfully submitted,

                                       **FORD & HARRISON LLP**

                                       By: */s/ Justin L. Clark*
                                            Timothy L. Reed
                                            Justin L. Clark
                                            Attorneys for Defendant
                                            SOCIAL IMPRINTS, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA/COUNTY OF ALAMEDA

I am a citizen of the United States and an employee in the County of Alameda. I am over the age of eighteen (18) years and not a party to the within action. My business address is FORD & HARRISON LLP, 1901 Harrison Street, Suite 1650, Oakland, California 94612.

On October 5, 2020, I served the within:

**DEFENDANT SOCIAL IMPRINTS, LLC'S REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1367(a), 1441(a), AND 1446**

on the following parties:

PLEASE SEE ATTACHED SERVICE LIST

**  X   BY MAIL:** I caused such envelope to be deposited in the mail at Oakland, California. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on October 5, 2020, at Oakland, California.

*/s/ Bridgette C. Burdick*
BRIDGETTE C. BURDICK

# SERVICE LIST

Emily Thiagaraj, Esq.
Kosinski & Thiagaraj, LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone:     (415) 230-2860
Facsimile:      (415) 723-7099
Email: emily@ktlawsf.com

Rory Quintana, Esq.
Quintana Hanafi, LLP
870 Market Street, Suite 819
San Francisco, CA 94102
Telephone:     (415) 504-3121
Facsimile:      (415) 233-3138
Email: rory@qhplaw.com
Attorneys for Plaintiff CAROL MUNOZ

WSACTIVELLP:11787691.3
9:51 AM